UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LUZ E. SKELCHER, | : |
| | : |
| plaintiff, | : |
| | : |
| v. | : CASE NO. 3:21cv18(VLB) |
| | : |
| STATE OF CONNECTICUT | : |
| DEPARTMENT OF CORRECTION | : |
| | : |
| defendant. | : |

RULING ON DEFENDANTS'S MOTION TO COMPEL

Pending before the Court is the defendant's motion to compel plaintiff to produce documents and records relating to plaintiff's communications with defendant, contemporaneous diary entries regarding events at the Department of Corrections ("DOC"), and financial records related to her claimed damages. (Def.'s Mot. to Compel. 1, ECF No. 31.)  For the reasons that follow, Defendant's motion to compel is GRANTED in part and DENIED in part.

A. Background

Plaintiff, a female corrections officer, alleges that she was discriminated against based on gender and race. (Dkt. #31 at 2.)  As a result of this discrimination, plaintiff alleges that the DOC failed to promote her to lieutenant in 2019 and she was suspended in February of 2020.  (Id. at 3.)

1

As highlighted in both briefs, and attached email correspondence between counsel, there has been ongoing difficulty in arranging for the exchange of initial and supplemental discovery responses and documents.  The Court notes that the briefing of defense counsel, while lengthy and detailed on its citation to relevant caselaw, is not precise and clear as to what the defendant is seeking.  During plaintiff's deposition on May 24, 2022, defense counsel informed plaintiff which portions of the discovery production were insufficient and plaintiff indicated that she had not searched for a number of documents. (Dkt. #31-5 at 5-27.) During a discussion on the record, counsel indicated that they would confer on June 14, 2022 to further discuss the disputed production.[1]  (Dkt. #35-1 at 24-7.)  By way of email on June 14, the defendant provided plaintiff a memorandum regarding the alleged deficiencies in plaintiff's search for and production of responsive documents. (Dkt. #31-6 at 6-9.)  On June 20, 2022, plaintiff's counsel produced supplemental discovery to defense counsel via email. (Dkt. #33-1 at 1.)  Within an hour, defense counsel responded to plaintiff's counsel and highlighted alleged deficiencies with the production. (Dkt. #31-6 at 1-2.)  Defense counsel indicated that the responses were insufficient as they were contrary to

---

[1] It remains unclear, but appears to the Court, that the communication on June 14 was via email, as opposed to via telephone.

2

plaintiff's sworn deposition testimony, did not include supplemental written discovery responses, and not signed by counsel under Rule 11. (Dkt. #31-6 at 1.)  Further, defense counsel was unwilling to accept plaintiff's limited submission of calendar entries for certain months related to alleged incidents. (Id.) Defendant indicated that the absence of entries is important to the defense.  (Id.) Plaintiff, in response, argues that the defendant has failed to show any deficiency in the supplemental response from June 20.  (Dkt. #33 at 2-3.)

B. Legal Standard

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"Discovery under the Federal Rules of Civil Procedure is a conditional and carefully circumscribed process." Bagley v. Yale Univ., 315 F.R.D. 131, 144 (D. Conn. 2016), as amended (June 15, 2016). The party seeking the discovery has the burden of demonstrating relevance. Id.  This analysis "requires one to ask: Is the discovery *relevant* to a party's *claim* or *defense*?

3

Which claim? Which defense? At this stage of the litigation, one looks to the parties' pleadings for their claims or defenses." Id.  Once the requesting party has demonstrated relevance, "[t]he party resisting discovery bears the burden of showing why discovery should be denied." Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009).

"Where a party 'fails to produce documents . . . as requested,' Federal Rule of Civil Procedure 37 permits '[the] party seeking discovery . . . [to] move for an order compelling an answer, designation, production or inspection.'" In re Aggrenox Antitrust Litig., No. 3:14-CV-572 (SRU), 2017 WL 5885664, at *1 (D. Conn. Nov. 29, 2017) (quoting Fed. R. Civ. P. 37(a)(3)(B))(alterations in original).  "Because the Federal Rules . . . are to be construed liberally in favor of discovery, . . . the party resisting discovery bears the burden of showing why discovery should be denied." In re Aggrenox Antitrust Litig., 2017 WL 5885664, at *1 (internal citations and quotation marks omitted).

"All '[m]otions relative to discovery,' including motions to compel, 'are addressed to the discretion of the [district] court.'" Id. (quoting Soobzokov v. CBS, Quadrangle/New York Times Book Co., 642 F.2d 28, 30 (2d Cir. 1981)).  "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." Crawford-El

4

v. Britton, 523 U.S. 574, 598 (1998). Discovery orders "will only be reversed if [the district court's] decision constitutes an abuse of discretion." Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1365 (2d Cir. 1991).

    C. Plaintiff's Supplemental Discovery Production

As previously referenced, defendant's motion to compel appears to relate to four categories of documents and to counsel's failure to certify the supplemental production under Rule 11 of the Federal Rules of Civil Procedure. Specifically, defense counsel stated on the record during plaintiff's deposition that she was seeking: (1) emails, texts, or social media communications regarding the DOC, (2) any communication with the plaintiff's union, (3) a copy of the plaintiff's calendar on which plaintiff noted DOC issues, and (4) texts, emails and records related to the Paycheck Protection Program. (Dkt. #31-5 at 23-4.) After some back and forth communication plaintiff produced supplemental discovery responses to these requests. (Dkt. #33 at 3-4; dkt. #33-1.)

Plaintiff has asserted that the supplemental responses provided to defendant on June 20, contain the only available responsive documents. Defendant asserts that the production is insufficient as the documents do not align with plaintiff's testimony at her deposition regarding potential documents. As an

5

initial matter, the Court has reviewed the provided portions of plaintiff's deposition testimony and her statements regarding documents that are within her custody and control. It appears that plaintiff was going to search for and provide documents that she believed she had, including Facebook entries related to discipline from the DOC (dkt. 31-5 at 6), calendar entries of incidents (dkt. 35-1 at 6-7), and written email communication setting up phone meetings with the union (dkt. # 35-1 at 7-8). Defendant also asked for, but plaintiff did not claim to possess, records related to the PPP loans and other records related to plaintiff's lost wages. (Dkt. #35-1 at 13-16.)

The Court has, at this point, only been informed that plaintiff asserts that all responsive documents have been produced and that defendant disagrees with plaintiff's assertion. Neither party provided the Court with the documents or a full accounting of what was or was not provided.

However, the Court agrees with defendant that plaintiff's production through email and without any signed certification is insufficient. To that end, plaintiff must provide appropriate responses to the document requests that were discussed during the deposition, along with a proper certification under Federal Rule of Civil Procedure 26(g). In so doing, it would be prudent of counsel to confer with his client and confirm that a sufficient search has been conducted for all documents

6

responsive to the defendant's requests made before and during the deposition on May 24. After conferring with counsel, the plaintiff must also file an affidavit to confirm that an appropriate search was done for the requested documents. Therefore, insofar as defendant's motion to compel seeks an affidavit from plaintiff and a certification from counsel, the motion is granted.

The Court is aware, however, that plaintiff has provided copies of her calendar for months in which incidents allegedly occurred. Defendant asserts that it needs calendar entries for the other months, presumably to show that no incidents took place. The Court does not agree. If, plaintiff certifies that all responsive documents have been produced (i.e., calendar entries regarding incidents), that alone would allow defendant to argue that no such incidents took place on the dates for which no calendar entries were produced. Production of the other, presumably irrelevant, calendar entries would serve no purpose. Therefore, as to the months for which plaintiff claims there are no calendar entries, the defendant's motion to compel is denied.

Additionally, the defendant has sought production of the plaintiff's records regarding lost wages and her PPP loan materials related to a now closed salon business. To the extent that those documents have not been produced to this point, which

7

remains unclear to the Court, the defendant's motion is granted. Plaintiff has not provided any reason why such information would not be relevant or proportional to the needs of the case. Further plaintiff has not indicated that production of such materials would be unduly burdensome.

## CONCLUSION

For the above reasons, the plaintiff's motion to compel is GRANTED, in part. The Court has concluded that the information sought is relevant, proportional to the needs of the case, and not overly burdensome.

The Court notes that defendant is also seeking sanctions related to plaintiff's alleged spoliation. Given the circumstances, and in light of the production ordered in this ruling, the Court does not believe it would be appropriate to grant sanctions at this time. Rather, after any additional production is provided, evidence has been introduced at trial, and the plaintiff has had a chance to testify, the trial judge will be in a better position to assess and determine the propriety of any sanctions to be awarded.

This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. R. 72.2.

As such, it is an order of the Court unless reversed or modified by a district judge upon motion timely made.

SO ORDERED this 21st day of October, 2022 at Hartford, Connecticut.

_____/s/_____

Robert A. Richardson
United States Magistrate Judge